J-S01034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCISCO PEREZ | : | |
| | : | |
| Appellant | : | No. 965 MDA 2020 |

Appeal from the PCRA Order Entered June 16, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003313-2000

BEFORE:   LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED FEBRUARY 05, 2021**

Appellant Francisco Perez appeals *pro se* from the Order entered in the Court of Common Pleas of Berks County on June 16, 2020, denying as untimely his "Motion-Petition Pursuant to this Honorable Court's Inherent Power to Correct Petitioner's Mr. Perez Sentence, Due to the Obviousness of the Illegality, See Com v. Holmes, 93.3 A.2d 57, 66-67 (Pa. 2008)" which the lower court properly treated as a serial petition filed pursuant to the Post Conviction Relief Act (PCRA).[1,2]   We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9542-9546.

[2] As we shall discuss *infra*, the lower court properly treated this filing as a PCRA petition; therefore, we will refer to the document as a PCRA petition and to the lower court as the PCRA court throughout this memorandum.

Following a jury trial, Appellant was sentenced on March 15, 2001, to an aggregate term of 34½ to 73 years in prison for numerous crimes under two dockets, including attempted first-degree murder and four counts of aggravated assault.[3]  On April 16, 2001, Appellant filed a notice of appeal with this Court, and we affirmed in part and reversed in part on October 3, 2002.  On December 2, 2003, the Pennsylvania Supreme Court reversed this Court's decision and affirmed Appellant's judgment of sentence.

Throughout the ensuing years, Appellant filed, *inter alia*, seven petitions under the PCRA, none of which provided him any relief.  Appellant filed the present *pro se* PCRA petition, his eighth, on August 23, 2018. After determining that the petition was untimely, the PCRA court notified Appellant of its intent to dismiss the petition without a hearing on March 2019 in a detailed, ten page Order and Intent to Dismiss. **See** Pa.R.Crim.P. 907. Appellant filed his objections to the PCRA court's Order and Notice on June 1, 2020.  On June 16, 2020, after considering Appellant's response, the PCRA court dismissed his petition, and Appellant timely filed the instant appeal *pro se*.

As it did not need clarification of the issues Appellant intended to present on appeal, the PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b)

---

[3] 18 Pa.C.S.A. §§ 901(a), 2502(a), 2702(a)(1), (4), respectively.

Statement. **See** Statement in Lieu of Opinion. filed 8/10/20, at 1 (unnumbered) (stating "it is certainly not the first time [Appellant] has made the allegation of an illegal sentence-his sole claim in the instant matter.").

In his appellate brief, Appellant presents the following issue for this Court's review:

> Did the lower court err in determining that it was without jurisdiction to correct Appellant's patent and obvious illegally imposed sentence for attempt to commit first degree murder?

Brief for Appellant at 4.

As a preliminary matter, we must determine whether the lower court correctly characterized Appellant's filing as a PCRA petition. Under established Pennsylvania precedent, "the PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) **see also Commonwealth v. Descardes**, 635 Pa. 395, 136 A.3d 493, 497–98 (2016) (stating the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies. . . . "). This Court consistently has held that "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition." **Commonwealth v. Torres**, 223 A.3d 715, (Pa.Super. 2019) (citations omitted).

The PCRA is "the exclusive vehicle for obtaining post-conviction collateral relief. . . regardless of the manner in which the petition is titled."

*Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa.Super. 2001). For example, in *Commonwealth v. Jackson*, 30 A.3d 516 (Pa.Super. 2011), this Court held that the trial court correctly characterized the defendant's motion to correct illegal sentence as a PCRA petition, and in doing so stated "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Id*. at 521-22.

As was the case in *Jackson*, Appellant herein seeks to correct what he deems to be the illegal sentence he is serving. In light of all the foregoing, the PCRA court correctly determined that Appellant's document, filed after his judgment of sentence had become final, should be treated as a PCRA petition. Thus, we proceed to consider the merits of the issue Appellant presents for our review.

This Court reviews the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 624 Pa. 446, 86 A.3d 795, 803 (Pa. 2014). We grant great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. *See* 42 Pa.C.S.A. § 9545 (providing jurisdictional requirements for the timely

filing of a petition for post-conviction relief). To be timely, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). An untimely PCRA petition renders Pennsylvania Courts without jurisdiction to afford a petitioner relief. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

Our review of the record reveals the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 2, 2003. ***See Commonwealth v. Perez***, 839 A.2d 351 (Pa. 2003) (*per curiam*). Therefore, Appellant's judgment of sentence became final on or about March 2, 2004, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. As such, Appellant had until March 2, 2005, in which to file a PCRA petition. Appellant did not file the present PCRA petition until August 23, 2018, over thirteen years later. Accordingly, his petition is patently untimely.

However, Pennsylvania courts may consider an untimely PCRA petition if an appellant pleads and proves one of the following three exceptions set forth in Section 9545(b)(1):

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i-iii).

Further, any petition invoking an exception to the one-year time-bar "shall be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[4] If a petition is found to be untimely, and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts lack jurisdiction to consider the merits of the petition. ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa.Super. 2011).

Following our review, we find Appellant has not carried his burden of pleading and proving a time-bar exception. In fact, Appellant did not attempt to prove one of the exceptions before the PCRA court, and he fails to address the time-bar exceptions on appeal. Instead, in his sole issue presented on appeal, Appellant maintains, as he has done in past filings, that his sentence is illegal. Specifically, Appellant appears to assert that his sentence is illegal

---

[4] Effective December 24, 2018, Section 9545(b)(2) now provides that, for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception ... shall be filed within one year of the date the claim could have been presented."

because the sentencing court improperly relied upon charges that were later vacated and *nolle prossed* when it imposed its final sentence.

First, Appellant's claim is belied by the record. Also, such a claim does not constitute an exception to the PCRA's time-bar. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (concluding that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA time limits or one of the exceptions thereto"). Moreover, even if **Commonwealth v. Holmes**, 933 A.2d 57 (Pa. 2008), upon which Appellant relies, were applicable herein (it is not),[5] Appellant did not file the instant petition within sixty days or one year of that decision.

---

[5] In **Holmes**, our Supreme Court upheld the trial court's sentence modifications, recognizing that there is a "limited class of cases amendable to the exercise by a trial court of the inherent power to correct patent errors despite the absence of traditional jurisdiction." **Holmes**, 593 Pa. at 615, 933 A.2d at 65. The Supreme Court reasoned that this inherent jurisdiction would apply in the absence of jurisdiction under 42 Pa.C.S.A. § 5505 because the statute "was never intended to eliminate the inherent power of a court to correct obvious and patent mistakes in its orders, judgments and decrees." **Id**. (quotation omitted). Since the cases under consideration in **Holmes** "involve[d] clear errors in the imposition of sentences that were incompatible with the record ... or black letter law," the Court held that the trial court possessed inherent jurisdiction to amend the sentences despite the absence of statutory jurisdiction under Section 5505. **Holmes**, 593 Pa. at 618, 933 A.2d at 67. Nevertheless, the Supreme Court cautioned:

> Although ... [courts have] the inherent power ... to correct patent errors, we must also emphasize the limits of this power. This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception to the cases at bar, we note that it is the obviousness of the illegality, rather than the

We therefore find no error by the PCRA court in denying Appellant's instant PCRA petition as untimely, and affirm its denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/05/2021

---

legality itself, that triggers the court's inherent power. Not all illegal sentences will be amendable to correction as patent errors.

*Id.* at 617-18, 933 A.2d at 66-67.